BEA, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s decision to reverse the district court.
To prevail on a claim under the Americans with Disabilities Act (“ADA”), a plaintiff suing an employer must show that “he suffered an adverse employment action because of his disability.” Allen v. Pac. Bell, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999)). Summary judgment is proper if the plaintiff fails to proffer evidence sufficient to support a finding that the employer’s explanation for discharging the plaintiff was a pretext for disability discrimination. Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1093-94 (9th Cir. 2001). Similarly, under the Age Discrimination in Employ *545 ment Act (“ADEA”), the burden of proof “remains always on the former employee! ] to show that [the employer] intentionally discriminated because of [his] age.” Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280-81 (9th Cir. 2000). Here, Schwartz’s theory is that the defendants discriminated against him when they laid him off. Schwartz has cerebral palsy and uses a motorized scooter to get around. He was 63 years old at the time he was laid off.
Schwartz has proffered evidence tending to show that his manager, Holloway, was not particularly fond of him. The evidence would allow a reasonable juror to conclude that Holloway assigned Schwartz to a desk far away from other managers. However, this does not tend to show that it was more likely than not that Schwartz was selected for layoff because of his age or disability. A reasonable juror could not so conclude. This is true even in light of the fact that Schwartz was hired as part of a settlement agreement entered into by the county nearly two decades before the countywide layoffs at issue here.
The majority points out that the evidence is sufficient to allow a reasonable juror to conclude that Holloway participated in a countywide employee reclassification study, and that Holloway sought to have five of six management analysts in her department reclassified with different job titles, ie., all of the management analysts in her department except Schwartz. One might think that Holloway did this because she did not like Schwartz. Even so, this evidence would not allow a reasonable juror to conclude that it was more likely than not that Holloway was motivated by animus based on Schwartz’s age or disability. Holloway ultimately laid off several employees who were younger than Schwartz, and the hundreds of pages of deposition transcripts that Schwartz put before us reveal that neither he, nor Holloway, nor his coworkers ever testified that anyone in the department made negative comments about age or disability. It seems particularly doubtful that Holloway was motivated by a dislike of disabled persons seeing as her sister also suffers from cerebral palsy and needs a wheelchair to get around.
The majority states that “Holloway repeatedly lied about her involvement in the HR study and title change process” such that the evidence “evinced Holloway’s consciousness that she had unlawfully singled Schwartz out for the layoff’ because of his age or disability. These “repeated lies” apparently consist of the following two discrepancies: First, Holloway’s deposition testimony about when she found out about the reclassification study was undermined by countywide memos, addressed to her and others some months earlier, discussing the reclassification process. Second, Holloway testified that another employee, S.P., was not offered a title change during the reclassification study. This testimony was undermined by two emails sent to Holloway in 2009 discussing a proposed title change for S.P. A reasonable juror could conclude, in light of these memos and emails sent to Holloway and others, that Holloway’s testimony might not be entitled to much weight. However, these memos and emails do not “evince” a “consciousness” on the part of Holloway that she “unlawfully singled Schwartz out for the layoff’ because of his age or disability. The majority supplies this gloss. It is not supplied by the facts.
Schwartz’s evidence does not show that he was laid off “because of his disability,” Allen, 348 F.3d at 1114, and it does not “show that [the employer] intentionally discriminated because of [his] age.” Coleman, 232 F.3d at 1280-81. Therefore I would affirm the district court’s grant of *546 summary judgment in favor of the defendants.